IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Lurline Higgett,<br><br>      Plaintiff,<br>v.<br><br>Family Dollar, Inc., d/b/a Family Dollar Store #11585,<br><br>      Defendant. | CIVIL ACTION NO. _____<br><br>**NOTICE OF REMOVAL** |

**TO:**   **The Honorable United States District Court for the District of South Carolina, Orangeburg Division**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Family Dollar Stores of South Carolina, LLC (improperly identified in the Complaint as "Family Dollar, Inc. d/b/a Family Dollar Store # 11585") (hereinafter referred to as "Family Dollar") files this Notice of Removal removing this action from the Court of Common Pleas of Orangeburg County, South Carolina. The grounds for removing this action are as follows:

## THE COMPLAINT

1.     On December 30, 2020, the plaintiff, Lurline Higgett (hereinafter "Plaintiff"), commenced a civil action in the Court of Common Pleas for Orangeburg County, South Carolina. Family Dollar, Inc. was served with a copy the Complaint via its Registered Agent for Service on January 5, 2021. A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit 1**.

2.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which Family Dollar, Inc. was first served with the Summons and Complaint.

1

3. The Complaint asserts various state-law causes of action and claims for relief against Family Dollar purportedly arising out of Plaintiff's visit to a Family Dollar retail store location in Orangeburg County, South Carolina on or about December 21, 2018.

## GROUNDS FOR REMOVAL

4. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

5. Plaintiff is a citizen and resident of Orangeburg County, South Carolina. *See* **Exhibit 1, ¶1**.

6. In the Complaint filed to initiate the current action, Plaintiff alleges Family Dollar, Inc. "is a corporation organized and existing under the laws of one of the States of the United States and transacts business, contracts to supply goods, regularly does and solicits business, and derives substantial revenue in the County of Orangeburg, State of South Carolina," seemingly related to the retail store location at issue in this case. *See* **Exhibit 1, ¶ 2.**

7. Contrary to Plaintiff's contentions in the Complaint, the subject Family Dollar retail store at issue in this case located at 2429 Russell Street in Orangeburg, South Carolina was operated by Family Dollar Stores of South Carolina, LLC on the date set forth in the Complaint, a wholly owned subsidiary of Family Dollar Stores, Inc., in a leased retail space.

8. Family Dollar Stores of South Carolina, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Virginia. *See* **Exhibit 2.**

9. Citizenship for diversity jurisdiction purposes is determined at the time the action is commenced. *See* <u>Athena Auto, Inc. v. DiGregorio</u>, 166 F.3d 288 (4th Cir. 1999).

10. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *See* Jennings v. HCR ManorCare, Inc., 901 F. Supp. 2d 649 (D.S.C. 2012).

11. The sole member of Family Dollar Stores, LLC is Family Dollar Stores, Inc. Family Dollar Stores, Inc. is incorporated in the State of Delaware and maintains its principal place of business in North Carolina. Therefore, Family Dollar Stores of South Carolina, LLC is a citizen of the State of North Carolina and the State of Delaware. *See* **Exhibit 3**.

12. Because the sole member of Family Dollar Stores of South Carolina, LLC is a citizen of the State of North Carolina and the State of Delaware, Family Dollar Stores of South Carolina, LLC is also thereby a citizen of the State of North Carolina and the State of Delaware.

13. Since Plaintiff is a citizen of South Carolina, and Family Dollar is a citizen of North Carolina and Delaware, complete diversity exists amongst the parties.

14. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

15. In determining whether the claims in the Complaint meet the jurisdictional amount, the district court may make reasonable deductions, inferences, or other extrapolations from the pleadings to determine whether it is apparent that a case is removable. *See* Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013) (affirming district court's use of "experience and common sense" to conclude that the amount-in-controversy requirement was satisfied). Put simply, a district court determining the amount in controversy "'is not required to leave its common sense behind.'" Hamilton v. Ocwen Loan Servicing, LLC, No. 9:12–cv–03111–PMD,

3

2013 WL 499159, at *5 (D.S.C. Feb. 7, 2013) (*quoting* Crosby v. CVS Pharmacy, Inc., 409 F. Supp. 2d 665, 668 (D.S.C. 2005)).

16.     In this case, satisfaction of the amount in controversy is apparent from the allegations in Plaintiff's Complaint. Plaintiff is seeking recovery of damages related to "great physical harm and injury to the head, body and limbs, specifically the head, arms, shoulder,s neck, back, hips, and legs, which has caused, and will in the future cause, Plaintiff to undergo much physical pain, suffering, mental anguish, emotional distress, and impairment of health and bodily efficiency, and has caused, and will in the future case, Plaintiff to have to spend money for medical services." *See* **Exhibit 1, ¶ 4.** While Family Dollar expressly denies any wrongdoing and denies the claims of injury/damages set forth, those allegations are substantial and have resulted in judgments and demands in excess of $75,000 in other cases in the past. In fact, Plaintiff submitted a demand to resolve this matter prior to the filing of the current action for an amount in excess of $75,000. Therefore, it is apparent the amount in controversy exceeds $75,000 and the jurisdictional amount is satisfied.

17.     In addition to the claims for compensatory damages, Plaintiff seeks an award of punitive damages against Family Dollar. *See* **Exhibit 1, Prayer for Relief beginning with "Wherefore."** While Plaintiff's claims for compensatory damages themselves show the jurisdictional amount is apparent, it is well settled the punitive damages sought by Plaintiff must also be considered in any calculation of the amount in controversy. *See, e.g.*, R.L. Jordan Oil Co. of North Carolina, Inc. v. Boardman Petroleum, 23 Fed. Appx. 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages."); Am. Health & Life Ins. Co. v. Heyward, 272 F. Supp. 2d 578, 581 (D.S.C. 2003) (holding that claims for punitive damages "must be included in the calculation of the

amount in controversy"). While Family Dollar denies Plaintiff is entitled to an award of punitive or compensatory damages, the Court should infer from Plaintiff's request for punitive damages that Plaintiff is seeking greater recovery than if he was merely seeking compensation for alleged injuries. Woodward v. Newcourt Comm. Fin. Corp., 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that "[plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount"). In all, the allegations of the Complaint make clear that Plaintiff's claim for punitive damages, together with his claims for compensatory damages, seeks an amount in excess of $75,000.

18. Accordingly, the record and case law establish that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

19. This Notice of Removal complies with the requirements of 28 U.S.C. §§ 1441 and 1446, and has been timely filed within thirty (30) days of service of the Complaint upon Family Dollar.

20. The Orangeburg Division of the United States District Court for the District of South Carolina is the proper venue because it is the "district and division" embracing Orangeburg County. See 28 U.S.C. §§ 1441(a), 121(4).

21. Family Dollar submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

WHEREFORE, Family Dollar prays the above action now pending against it in the Court of Common Pleas for Orangeburg County, South Carolina, be removed therefrom to this Court, that this Court exercise jurisdiction over this action, and that this Court grant such other further relief as this Court deems just and necessary.

Respectfully Submitted,

Greenville, South Carolina  
Dated: February 3, 2021

By: s/ *Robert D. Corney*  
Robert D. Corney (Fed. Bar No. 11626)  
GALLIVAN, WHITE & BOYD, P.A.  
P.O. Box 10589  
Greenville, South Carolina 29603  
Telephone: (864) 271-9580  
Fax: (864) 271-7502  
rcorney@gwblawfirm.com  
**Attorney for Family Dollar Stores of South Carolina, LLC (Improperly Identified as Family Dollar, Inc. d/b/a Family Dollar Store #11585)**

6